**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| OLEN PROPERTIES CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN in her official capacity as Administrator of the United States Small Business Administration | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR JUDICIAL REVIEW OF AGENCY ACTION**

Plaintiff, Olen Properties Corp. ("Olen"), by counsel, for its Complaint against the Defendants, the United States Small Business Administration ("SBA") and Isabella Casillas Guzman ("Guzman" or the "Administrator") – in her official capacity as the Administrator of the SBA – states as follows:

**INTRODUCTION**

1. This is an action for judicial review of an official agency action and is being brought pursuant to 5 U.S.C. § 701, *et seq*., of the Administrative Procedures Act (the "APA").

2. Specifically, Olen is seeking judicial review of: (i) the SBA's denial of Olen's application for forgiveness of the Paycheck Protection Program ("PPP") loan Olen received on or about May 6, 2020; and (ii) the SBA's determination – subsequent to the issuance of the aforementioned loan – that Olen was not actually eligible for the PPP loan it received.

## I. PARTIES

3. Olen is a Florida corporation, and its principal place of business is located at 7 Corporate Plaza, Newport Beach, California, 92660, which is located in Orange County California. Accordingly, Olen is a citizen of the state of California.

4. Olen is an active corporation, and its primary business operations include leasing and managing multi-family apartment communities and commercial buildings.

5. The SBA is a federal government agency within the meaning of 5 U.S.C. § 702, *et seq*.

6. Guzman is the current Administrator of the SBA. This action is being brought against Guzman in her official capacity as the Administrator of the SBA, only.

7. Pursuant to 15 U.S.C. § 634(b)(1), Guzman may be sued in her official capacity "in any United States district court, and jurisdiction is conferred upon such district court," with respect to any matters concerning "the functions, powers, and duties vested in" Guzman as the Administrator of the SBA.

8. 15 U.S.C. § 703 authorizes this action for judicial review to be brought against the SBA and Guzman in her capacity as the Administrator of the SBA.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 15 U.S.C. § 634(b)(1). The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. The agency actions at issue constitute final decisions and/or actions of the SBA which are reviewable by this Court pursuant to 13 C.F.R. § 134.1211(g).

11. Olen exhausted all available administrative remedies prior to initiating this action.

12. Venue is proper in the Southern Division of the United States District Court for the Central District of California because Olen's principal place of business is located in Orange County California.

## III. FACTUAL BACKGROUND

### A. Eligibility for First-Draw PPP Loans

13. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") (Pub. L. 116-136) amended 15 U.S.C. § 636(a) to include provisions implementing the Paycheck Protection Program (also referred to herein as the "PPP". Subdivision (a) of 15 U.S.C. § 636 states:

> The [SBA] is empowered to the extent and in such amounts as provided in advance in appropriation Acts to make loans for plant acquisition, construction, conversion, or expansion, including the acquisition of land, material, supplies, equipment, and working capital, and to make loans to any qualified small business concern, including those owned by qualified Indian tribes, for purposes of this chapter. Such financings may be made either directly or in cooperation with banks or other financial institutions through agreements to participate on an immediate or deferred (guaranteed) basis. **These powers shall be subject, however, to the following restrictions, limitations, and provisions**:

(Emphasis added).

14. Congress included in the CARES Act specific eligibility criteria for the Paycheck Protection Program, which included the following:

> **(36) Paycheck Protection Program**
>
> **(A) Definitions**
>
> In this paragraph—
>
> (ii) the term "covered loan" means a loan made under this paragraph during the covered period;
>
> …
>
> (iv) the term "**eligible recipient**" means an individual or entity that is eligible to receive a covered loan;
>
> …

(xvii) the term “**additional covered nonprofit entity**”--

(I) means an organization described in any paragraph of section 501(c) of Title 26, other than paragraph (3), (4), (6), or (19), and exempt from tax under section 501(a) of such title; and

(II) does not include any entity that, if the entity were a business concern, would be described in section 120.110 of title 13, Code of Federal Regulations (or in any successor regulation or other related guidance or rule that may be issued by the Administrator) other than a business concern described in paragraph (a) or (k) of such section.

**(B) Paycheck Protection loans**

Except as otherwise provided in this paragraph, the Administrator may guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection.

…

**(D) Increased eligibility for certain small businesses and organizations**

(i) In general

During the covered period, *in addition to small business concerns*, <u>**any business concern**</u>, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern described in section 657a(b)(2)(C) of this title **shall be eligible to receive a covered loan if the business concern**, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern **employs not more than the greater of** –

(I) 500 employees; or

(II) if applicable, the size standard in number of employees established by the Administration for the industry in which the business concern, nonprofit organization, housing cooperative, veterans organization, or Tribal business concern operates.

15 U.S.C. § 636(a)(36) (emphasis added).

15. Congress authorized third-party lenders to make and approve “covered loans” under the Paycheck Protection Program. With respect to eligibility, Congress instructed such

lenders to focus on whether the borrower (i) was in operation as of February 15, 2020; and (ii) had paid employees:

> **(ii) Delegated authority**
>
> **(I) In general**
>
> For purposes of making covered loans for the purposes described in clause (i), a lender approved to make loans under this subsection shall be deemed to have been delegated authority by the Administrator to make and approve covered loans, subject to the provisions of this paragraph.
>
> **(II) Considerations**
>
> In evaluating the eligibility of a borrower for a covered loan with the terms described in this paragraph, a lender shall consider whether the borrower—
>
> **(aa)** was in operation on February 15, 2020; and
>
> **(bb)(AA)** had employees for whom the borrower paid salaries and payroll taxes; or
>
> **(BB)** paid independent contractors, as reported on a Form 1099-MISC.

15 U.S.C. § 636(a)(36)(F)(ii).

16. Pursuant to 15 U.S.C. § 636m(b), borrowers who received first-draw PPP loans were entitled to complete loan forgiveness if certain conditions were satisfied.

17. Subsequent to the enactment of the CARES Act, the SBA issued a number of Interim Final Rules concerning the Paycheck Protection Program.

18. In its first Interim Final Rule concerning the Paycheck Protection Program, the SBA stated:

> The intent of the [CARES] Act is that SBA provide relief to America's small business expeditiously, **which is expressed in the Act by giving all lenders delegated authority and streamlining the requirements of the regular 7(a) loan program**. For example, for loans made under the PPP, SBA will not require the

> lenders to comply with [13 C.F.R §] 120.150 "What are SBA's lending criteria?." SBA will allow lenders to rely on certifications of the borrower in order to determine eligibility of the borrower and use of loan proceeds and to rely on specified documents provided by the borrower to determine qualifying loan amount and eligibility for loan forgiveness.
>
> ….
>
> The program requirements of the PPP identified in this rule temporarily supersede any conflicting Loan Program Requirement (as defined in 13 CFR 120.10).

85 Fed. Reg. 20812 (emphasis added).

19. Later in the same Interim Final Rule, the SBA declared:

> Businesses that are not eligible for PPP loans are identified in 13 CFR 120.100 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the [CARES] Act are eligible.

85 Fed. Reg. 20812.

20. 13 C.F.R. § 120.100, which was promulgated decades prior to the enactment of the CARES Act, states:

> To be eligible for an SBA business loan, a small business applicant must:
>
> (a) Be an operating business (except for loans to Eligible Passive Companies);
>
> (b) Be organized for profit;
>
> (c) Be located in the United States;
>
> (d) Be small under the size requirements of part 121 of this chapter (including affiliates). See subpart H of this part for the size standards of part 121 of this chapter which apply only to 504 loans; and
>
> (e) Be able to demonstrate a need for the desired credit.

21. In connection with the CARES Act, the SBA issued regulations providing a framework through which a PPP borrower could administratively appeal an adverse decision

issued by the SBA concerning, *inter alia*, eligibility and loan forgiveness decisions. 13 C.F.R. § 134.1201, *et seq*.

22. If a borrower who received a first-draw PPP loan applied for, but was denied, loan forgiveness by the SBA, the borrower could appeal the SBA's decision through the SBA's Office of Hearings and Appeals. 13 C.F.R. § 134.1201(b).

**B. The SBA's Denial of Olen's Loan Forgiveness Application**

23. On or about April 14, 2020, Olen submitted an application for a first-draw PPP loan to lender, U.S. Bank National Association ("U.S. Bank").

24. At the time Olen submitted its PPP loan application, it was an active corporation with several employees, and its total number of employees was less than 500.

25. U.S. Bank and/or the SBA subsequently approved Olen for a first-draw PPP loan in the amount of $5,371,920.00, which U.S. Bank disbursed to Olen on or about May 6, 2020 (the "PPP Loan").

26. Olen used all of the PPP Loan proceeds to pay expenses and costs authorized by 15 U.S.C. § 636(a)(36)(F)(i).

27. Olen did not use any of the PPP Loan proceeds in any manner that was not expressly permitted under 15 U.S.C. § 636(a)(36)(F).

28. On or about October 28, 2021, Olen submitted to U.S. Bank an application for forgiveness of the PPP Loan (the "Loan Forgiveness Application").

29. On its Loan Forgiveness Application, Olen reported incurring $11,469,237.24 in payroll costs during the corresponding "covered period" of the PPP Loan, which was more than twice the principal amount of the PPP Loan.

30. On November 10, 2021, U.S. Bank recommended to the SBA that Olen's Loan Forgiveness Application be approved. Specifically, U.S. Bank recommended that 100% of Olen's PPP Loan should be forgiven.

31. On May 5, 2022, the SBA issued a final loan review decision denying Olen's Loan Forgiveness Application. Specifically, the SBA stated:

> **SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:**
>
> **After review of the documentation provided, the SBA concludes that Borrower is organized as an ineligible Passive Entity.**
>
> **A review of the 2020 1120 confirms that Olen Properties Corp. owns and operates 39 rental properties identified as apartments complexes and commercial rental properties.**
>
> **Passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds (except as Eligible Passive Companies under 13 CFR § 120.111) are not eligible.**

32. On June 8, 2022, Olen initiated a timely appeal (the "OHA Appeal") of the SBA's denial of Olen's Loan Forgiveness Application through the filing of an appeal petition/brief (the "Appeal Petition") with the SBA's Office of Hearings and Appeals ("OHA").

33. In the Appeal Petition, Olen argued that it was eligible for the PPP Loan because it satisfied the PPP loan eligibility criteria established by Congress in 15 U.S.C. § 634(a)(36). Additionally, Olen pointed out that the regulations relied upon by the SBA to support its denial of Olen's Loan Forgiveness Application – which were promulgated prior to 2020 and applied to small business loans typically issued/administered by the SBA – did not apply to PPP loans.

34. Olen also argued that, to the extent the regulations relied upon by the SBA to support its denial of Olen's Loan Forgiveness Application and eligibility determination were applicable to PPP Loans, Olen was nonetheless eligible for the PPP Loan and entitled to loan forgiveness. Specifically, Olen argued that it was not a passive business entity.

35. Olen pointed out that at all times relevant to its PPP Loan, it was an active company with less than 500 employees.

36. On July 27, 2022, the SBA filed in the OHA Appeal the administrative record corresponding to the SBA's decision to deny Olen's Loan Forgiveness Application (the "Administrative Record").

37. The SBA did not file a response to the appeal petition/brief Olen filed in the OHA Appeal.

38. On September 15, 2022, the administrative law judge ("ALJ") assigned to the OHA Appeal issued a decision affirming the SBA's denial of Olen's Loan Forgiveness Application.

39. The SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan were predicated upon the SBA's determination that Olen was a "passive entity."

40. The ALJ rejected each of the arguments asserted by Olen.

41. The ALJ further explained:

> SBA's Standard Operating Procedure explains that active involvement is not determinative of the applicability of the purpose of the regulation which is to exclude passive business engaged in owning or purchasing real estate and leasing. SBA policy issued on this regulation explains that "[b]usinesses that are primarily engaged in owning or purchasing real estate and leasing it for any purpose are not eligible" SOP 50 10 6, p. 142
>
> …
>
> For PPP loan purposes, the phrase "passive businesses" is used in 13 CFR 120.110(c) and further explained in SOP 50 106, [*sic*], p. 142 (as discussed above). Active management is not a consideration. **A business is considered passive simply because it is primarily engaged in owning or purchasing real estate and leasing it for any purpose**.

(Emphasis added).

42. The ALJ affirmed the entirety of the SBA's final loan review decision concerning Olen's PPP Loan, concluding that Olen was not entitled to any forgiveness of the PPP Loan.

43. Olen did not seek reconsideration of the ALJ decision issued in the OHA Appeal, nor did the Administrator elect to review and/or reverse the ALJ's decision.

44. Pursuant to 13 C.F.R. § 134.1211(d), the ALJ's decision became the final decision of the SBA on October 17, 2022, and is ripe for this Court's review.

**COUNT I**
**AGENCY ACTION CONTRARY TO LAW**

45. Olen hereby incorporates by reference all preceding paragraphs as if fully stated herein.

46. Pursuant to the APA, this Court has the power to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law" or "in excess of statutory" authority. 5 U.S.C. § 706(2)(A), (C).

47. In enacting the CARES Act, Congress specified clear eligibility criteria for PPP borrowers.

48. Congress' intent was clear: "any business concern" with 500 or fewer employees was eligible for a first-draw PPP loan. 15 U.S.C. § 636(a)(36)(D)(i).

49. The foregoing eligibility criteria was subject only to the exceptions expressly established by Congress elsewhere in the CARES Act.

50. The CARES Act did not bestow upon the SBA or the Administrator the power or authority to deviate from the foregoing general PPP eligibility criteria.

51. The CARES Act did not bestow upon the SBA or the Administrator the power or authority to apply to PPP loans all SBA rules, regulations, policies, and/or Standard Operating Procedures which applied to standard, non-PPP small business loans issued by the SBA.

52. Congress did not authorize the SBA or the Administrator to apply the SBA's typical/standard eligibility rules to PPP loans.

53. Congress did not authorize the SBA or the Administrator to exclude from the Paycheck Protection Program any business "primarily engaged in owning or purchasing real estate" and/or which leases real estate "for any purpose."

54. Subsequent to the enactment of the CARES Act, the SBA and the Administrator promulgated Interim Final Rules and/or regulations which were inconsistent with, and contrary to, the PPP borrower eligibility criteria established by Congress in 15 U.S.C. § 636(a)(36).

55. Subsequent to the enactment of the CARES Act, the SBA applied to the Paycheck Protection Program SBA Standard Operating Procedures and policies which were inconsistent with, and contrary to, the PPP borrower eligibility criteria established by Congress in 15 U.S.C. § 636(a)(36).

56. In doing so, the SBA and the Administrator exceeded the authority granted by Congress.

57. By applying 13 C.F.R. §§ 120.110 and 120.111 to PPP loans, the SBA and the Administrator failed to give effect to the unambiguously expressed intent of Congress.

58. By applying to PPP loans certain SBA Standard Operating Procedures, including SOP 50 10 6, Subpart B, Chapter 2, the SBA and the Administrator failed to give effect to the unambiguously expressed intent of Congress.

59. Subsequent to the enactment of the CARES Act, the SBA and the Administrator issued and applied Interim Final Rules and/or regulations containing PPP loan eligibility criteria that were not in accordance with the CARES Act or which otherwise exceeded the authority granted by Congress.

60. The SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan were not in accordance with law.

61. The ALJ's final decision in the OHA Appeal was likewise not in accordance with law. The ALJ specifically stated in the final decision denying Olen's appeal:

> As an ALJ with OHA presiding over appeals on behalf of SBA, I am bound by SBA regulations and interpretations. I do not have the authority to invalidate SBA's interpretation of, and rules and regulations promulgated to implement, the CARES Act. Specifically, I do not have authority to rule that SBA did not have authority to issue SBA's First Interim Final Rule (IFR) which is determinative on the issue in this case. *See* Paycheck Protection Program, 85 Fed. Reg. at 20811 (posted on the SBA and Treasury websites on April 2, 2020, and effective April 15, 2020); CARES Act § 1102, 134 Stat. at 287 (codified 15 U.S.C. § 636(a)(36)(B),). Appellant seeks to have me invalidate that IFR and implementing guidelines, as to which I am unable to do. To get full consideration of that issue Appellant must seek review by a federal district court. *See Chevron v. USA Inc. v Nat. Res. Def. Council*, 467 U.S. 837 (1984) and *Ramspeck v. Federal Trial Examiners Conference*, 345 U.S. 128, 132-133 (1953). *See also* the Administrative Procedure Act ("APA") - the power of employees presiding at agency hearings is subject to the rules prescribed by the employing agency. 5 U.S.C. § 556(c)."

62. Olen was eligible for its PPP loan under the CARES Act enacted by Congress. The SBA retroactively denied Olen's eligibility for the PPP Loan, and thus denied Olen's Loan Forgiveness Application, not because Olen was ineligible under the CARES Act, but because it was ineligible, according to the SBA, under SBA regulations and policies. But, the SBA may not by regulation or action deny eligibility or loan forgiveness to PPP borrowers who satisfy eligibility criteria created by Congress.

WHEREFORE, Olen respectfully requests that the Court: (i) hold unlawful and set aside the SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan; (ii) declare that the rules, regulations, and policies (including the SBA's Standard Operating Procedures) relied upon by the SBA to deny Olen's Loan Forgiveness Application and determine that Olen was purportedly ineligible for the PPP Loan are not applicable – and may not be applied to – PPP loans; (iii) declare that Olen was eligible for the PPP Loan; (iv) declare that Olen qualified/qualifies for complete forgiveness of the PPP loan;

(v) compel the SBA and the Administrator to approve Olen's Loan Forgiveness Application and take all actions necessary to provide Olen with complete forgiveness of the PPP loan; and (vi) grant all other appropriate relief just and proper in the premises.

**COUNT II**
**ARBITRARY AND CAPRICIOUS AGENCY ACTION**

63. Olen hereby incorporates by reference all preceding paragraphs as if fully stated herein.

64. "Agency action is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider . . . offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *350 Montana v. Haaland*, 50 F.4th 1254, 1263 (9th Cir. 2022).

65. Notwithstanding Olen's satisfaction of the PPP eligibility criteria established by Congress under the CARES Act, the SBA and the Administrator relied upon their own formal and/or informal agency rules, regulations, and policies – which, as a matter of law, impermissibly conflict with the PPP loan eligibility criteria created by Congress – to deny Olen's Loan Forgiveness Application and reach a determination that Olen was ineligible for the PPP Loan.

66. Rather than relying on the CARES Act itself, the SBA relied upon factors/criteria which Congress did not intend for the SBA or Administrator to consider – specifically, eligibility criteria and Standard Operating Procedures which the SBA typically applied to non-PPP loans issued under its 7(a) program.

67. As a result, the SBA and Administrator's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan were arbitrary and capricious.

WHEREFORE, Olen respectfully requests that the Court: (i) hold unlawful and set aside the SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan; (ii) declare that the rules, regulations, and policies (including the SBA's Standard Operating Procedures) relied upon by the SBA to deny Olen's Loan Forgiveness Application and determine that Olen was purportedly ineligible for the PPP Loan are not applicable – and may not be applied to – PPP loans; (iii) declare that Olen was eligible for the PPP Loan; (iv) declare that Olen qualified/qualifies for complete forgiveness of the PPP loan; (v) compel the SBA and the Administrator to approve Olen's Loan Forgiveness Application and take all actions necessary to provide Olen with complete forgiveness of the PPP loan; and (vi) grant all other appropriate relief just and proper in the premises.

**COUNT III**
**AGENCY DECISION UNSUPPORTED**
**BY SUBSTANTIAL EVIDENCE**

68. Olen hereby incorporates by reference all preceding paragraphs as if fully stated herein.

69. The SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan were predicated upon the SBA's determination that Olen was a "Passive Entity."

70. Specifically, the SBA stated: "Passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved **with the loan proceeds** (except as Eligible Passive Companies under 13 CFR § 120.111) are not eligible." (Emphasis added).

71. The SBA's explanation was apparently based upon its application of 13 C.F.R. § 120.110(c), which identifies the following type of business as ineligible for an SBA loan: "Passive

businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved **with the loan proceeds** (except Eligible Passive Companies under § 120.111)". (Emphasis added).

72. The Administrative Record filed in the OHA lacked sufficient evidence to support the SBA's conclusion that Olen was a "Passive Entity" or "passive business".

73. There is no evidence in the Administrative Record to support the conclusion that Olen used any of the PPP loan proceeds to acquire any of its real estate assets.

74. There is no evidence in the Administrative Record to support the conclusion that Olen was an inactive or passive business entity.

75. At the time Olen applied for the PPP loan, Olen had fewer than 500 employees and met the eligibility criteria for PPP loans established by Congress in the CARES Act.

76. Accordingly, the SBA's denial of Olen's Loan Forgiveness Application and the SBA's determination that Olen was not eligible for the PPP Loan are not supported by substantial evidence.

77. The SBA's determinations and actions concerning Olen were illogical and inconsistent with the CARES Act.

78. The SBA's determinations and actions concerning Olen's Loan Forgiveness Application and eligibility for the PPP Loan were patently unreasonable.

79. In the OHA Appeal, the ALJ relied upon SBA SOP 50 10 6 to support the SBA's actions and determinations:

> SBA's Standard Operating Procedure explains that active involvement is not determinative of the applicability of the purpose of the regulation which is to exclude passive business engaged in owning or purchasing real estate and leasing. SBA policy issued on this regulation explains that "[b]usinesses that are primarily engaged in owning or purchasing real estate and leasing it for any purpose are not eligible" SOP 50 10 6, p. 142
>
> …

> For PPP loan purposes, the phrase "passive businesses" is used in 13 CFR 120.110(c) and further explained in SOP 50 106, [*sic*], p. 142 (as discussed above). Active management is not a consideration. **A business is considered passive simply because it is primarily engaged in owning or purchasing real estate and leasing it for any purpose**.

80. To the extent applicable to the Paycheck Protection Program, it was improper for either the SBA or the ALJ to rely upon or apply SBA SOP 50 10 6 to support the actions taken, and the determinations made, concerning Olen's PPP Loan.

81. SBA SOP 50 10 6 was not effective until October 1, 2020.

82. Moreover, the SBA did not reference any SOP in the final loan review decision it issued to Olen prior to the OHA Appeal.

83. Additionally, nowhere in the CARES Act is there any support for the proposition that Congress intended to exclude from the Paycheck Protection Program any business "primarily engaged in owning or purchasing real estate" and/or which leases real estate "for any purpose."

WHEREFORE, Olen respectfully requests that the Court: (i) hold unlawful and set aside the SBA's denial of Olen's Loan Forgiveness Application and determination that Olen was not eligible for the PPP Loan; (ii) declare that the rules, regulations, and policies (including the SBA's Standard Operating Procedures) relied upon by the SBA to deny Olen's Loan Forgiveness Application and determine that Olen was purportedly ineligible for the PPP Loan are not applicable – and may not be applied to – PPP loans; (iii) declare that Olen was eligible for the PPP Loan; (iv) declare that Olen qualified/qualifies for complete forgiveness of the PPP loan; (v) compel the SBA and the Administrator to approve Olen's Loan Forgiveness Application and take all actions necessary to provide Olen with complete forgiveness of the PPP loan; and (vi) grant all other appropriate relief just and proper in the premises.

Respectfully submitted,

*/s/ Julie A. Ault*

Julie A. Ault (CA Atty No. 186914)
OLEN PROPERTIES CORP.
Seven Corporate Plaza
Newport Beach, California 92660
Phone: (949) 719-7211 / Fax: (949) 719-7210
jault@olen.com