BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805
Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

OLEN PROPERTIES CORP.,

Plaintiff,

v.

THE UNITED STATES SMALL BUSINESS ADMINISTRATION and KELLY LOEFFLER in her official capacity as Administrator of the United States Small Business Administration,

Defendants.

No. 8:24-cv-01908-JWH-ADS

**ANSWER AND DEFENSES TO THE COMPLAINT**

Honorable John W. Holcomb
United States District Judge

Defendants the United States Small Business Administration ("SBA") and Kelly Loeffler[1], in her official capacity as Administrator of the SBA respond to the allegations in the Complaint for Judicial Review of Agency Action (Dkt. 1) ("Complaint") of Plaintiff Olen Properties Corp. ("Plaintiff") as follows:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kelly Loeffler is automatically substituted for Isabella Casillas Guzman.

1. The allegations in paragraph 1 constitute a characterization of the action to which no response is required.

2. The allegations in paragraph 2 constitute a characterization of the action to which no response is required.

3. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 3.

4. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 4.

5. The allegations in paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the SBA is a federal agency.

6. The allegations in paragraph 6 constitute a characterization of the action to which no response is required, except that Defendants deny that Isabella Casillas Guzman is the current administrator of the SBA.

7. The allegations in paragraph 7 constitute conclusions of law to which no response is required.

8. The allegations in paragraph 8 constitute conclusions of law to which no response is required 8.

9. The allegations in paragraph 9 constitute conclusions of law to which no response is required.

10. The allegations in paragraph 10 constitute conclusions of law to which no response is required.

11. The allegations in paragraph 11 constitute conclusions of law to which no response is required.

12. The allegations in paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants do not possess sufficient knowledge or information to form a belief as to where Plaintiff's principal place of business is located.

13. The allegations in paragraph 13 constitute Plaintiff's characterization of the CARES Act, to which no response is required. To the extent a response is required, Defendants refer to the CARES Act for an accurate and complete statement of its contents.

14. The allegations in paragraph 14 constitute Plaintiff's characterization of the CARES Act, to which no response is required. To the extent a response is required, Defendants refer to the CARES Act for an accurate and complete statement of its contents.

15. The allegations in paragraph 15 constitute Plaintiff's characterization of the CARES Act and the PPP, to which no response is required. To the extent a response is required, Defendants refer to the CARES Act for an accurate and complete statement of its contents.

16. The allegations in paragraph 16 constitute Plaintiff's characterization of the CARES Act, to which no response is required. To the extent a response is required, Defendants refer to the CARES Act for an accurate and complete statement of its contents.

17. Defendants admit the allegations in paragraph 17.

18. The allegations in paragraph 18 constitute Plaintiff's characterization of federal regulations, to which no response is required. To the extent a response is required, Defendants refer to the referenced regulation for an accurate and complete statement of its contents.

19. The allegations in paragraph 19 constitute Plaintiff's characterization of federal regulations, to which no response is required. To the extent a response is required, Defendants refer to the referenced regulation for an accurate and complete statement of its contents.

20. The allegations in paragraph 20 constitute Plaintiff's characterization of federal regulations, to which no response is required. To the extent a response is

required, Defendants refer to the referenced regulation for an accurate and complete statement of its contents.

21. The allegations in paragraph 21 constitute Plaintiff's characterization of federal regulations, to which no response is required. To the extent a response is required, Defendants refer to the referenced regulations for an accurate and complete statement of their contents.

22. The allegations in paragraph 22 constitute Plaintiff's characterization of federal regulations, to which no response is required. To the extent a response is required, Defendants refer to the referenced regulation for an accurate and complete statement of its contents.

23. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 23.

24. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 24.

25. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 25.

26. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 26.

27. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 27.

28. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 28.

29. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30, except to admit that a lender forgiveness decision was submitted on November 10, 2021.

31. Defendants admit the allegations in paragraph 31.

32. In response to paragraph 32, Defendants admit that on June 8, 2022, Plaintiff filed an appeal of the SBA's denial of the loan forgiveness application with the SBA's Office of Hearings and Appeals. Plaintiff's characterization of the appeal as "timely" is a conclusions of law to which no response is required.

33. The allegations in paragraph 33 constitute Plaintiff's characterization of its legal argument in its appeal petition, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33.

34. The allegations in paragraph 34 constitute Plaintiff's characterization of its legal argument in its appeal petition, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 34.

35. The allegations in paragraph 35 constitute Plaintiff's characterization of its legal argument in its appeal petition, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 35.

36. Defendants admit the allegations in paragraph 36.

37. Defendants admit the allegations in paragraph 37.

38. Defendants admit the allegations in paragraph 38.

39. The allegations in paragraph 39 constitute Plaintiff's characterization of the ALJ's decision, to which no response is required. To the extent a response is required, Defendants refer to the ALJ's decision for an accurate and complete statement of its contents.

40. The allegations in paragraph 40 constitute Plaintiff's characterization of the ALJ's decision, to which no response is required. To the extent a response is required, Defendants refer to the ALJ's decision for an accurate and complete statement of its contents.

41. The allegations in paragraph 41 constitute Plaintiff's characterization of the ALJ's decision, to which no response is required. To the extent a response is required, Defendants admit that the quoted language is from the ALJ's decision and refers to the ALJ's decision for an accurate and complete statement of its contents.

42. The allegations in paragraph 42 constitute Plaintiff's characterization of the ALJ's decision, to which no response is required. To the extent a response is required, Defendants admit that the ALJ's decision affirmed the final SBA loan review decision and refers to the ALJ's decision for an accurate and complete statement of its contents.

43. Defendants admit the allegations in paragraph 43.

44. The allegations in paragraph 44 constitute conclusions of law to which no response is required.

45. By this reference, Defendants incorporate their responses in the prior paragraphs of this Answer.

46. The allegations in paragraph 46 constitute Plaintiff's characterization of the APA, to which no response is required. To the extent a response is required, Defendants refer to the APA for an accurate and complete statement of its contents.

47. The allegations in paragraph 47 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48. The allegations in paragraph 48 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 48.

49. The allegations in paragraph 49 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50. The allegations in paragraph 50 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 50.

51. The allegations in paragraph 51 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 51.

52. The allegations in paragraph 52 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52.

53. The allegations in paragraph 53 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62, and in the prayer for relief for Count I.

63. By this reference, Defendants incorporate their responses in the prior paragraphs of this Answer.

64. The allegations in paragraph 64 constitute Plaintiff's characterization of case law, to which no response is required. To the extent a response is required, Defendants refer to the referenced case for an accurate and complete statement of its contents.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67, and in the prayer for relief for Count II.

68. By this reference, Defendants incorporate their responses in the prior paragraphs of this Answer.

69. The allegations in paragraph 69 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 69 and refer to the referenced document for an accurate and complete statement of its contents.

70. The allegations in paragraph 70 constitute legal argument to which no response is required. To the extent a response is required, Defendants refer to the referenced document for an accurate and complete statement of its contents.

71. The allegations in paragraph 71 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 71 and refer to the referenced document for an accurate and complete statement of its contents.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. The allegations in paragraph 75 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. The allegations in paragraph 79 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 79 and refer to the referenced document for an accurate and complete statement of its contents.

80. The allegations in paragraph 80 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 80.

81. The allegations in paragraph 81 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 81.

82. The allegations in paragraph 82 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 82.

83. The allegations in paragraph 83 constitute legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in the prayer for relief to Count III.

85. Defendants deny each and every allegation in the Complaint, including the headings, not specifically responded to above.

## **DEFENSES**

Defendants assert the following defenses and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

1. The SBA, its agencies, its employees, and its agents complied with the requirements of the CARES Act, the PPP, and the regulations issued thereunder, with respect to the incidents and actions which are the subject of the Complaint.

2. The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

3. To the extent that the Court lacks subject matter jurisdiction over the Complaint, the action is barred.

4. Under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq.* ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

5. Plaintiff is not entitled to declaratory relief, attorney's fees, costs of suit, or any damages whatsoever.

**PRAYER FOR RELIEF**

For these reasons, Defendants respectfully request a judgment against Plaintiff as follows:

1. Denying all relief sought in the Complaint and dismissing the Complaint on the merits, in its entirety, and with prejudice;

2. Awarding Defendants their costs and expenses incurred in defending this action, including attorney's fees as allowed by applicable law; and

3. Granting Defendants such other and further relief as the Court may deem just and proper.

Dated: April 4, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litig. Section

*/s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants