TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805
Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OLEN PROPERTIES CORP.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>Defendants. | No. 8:24-cv-01908-JWH-ADS<br><br>**DEFENDANTS' SUR-REPLY[1] IN OPPOSITION TO MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**<br><br>Hearing Date: February 10, 2026<br>Hearing Time: 10 a.m.<br>Location: 9D<br><br>Honorable John W. Holcomb<br>United States District Court |

[1] This sur-reply is authorized by the Court's June 9, 2025 order (Dkt. 45).

## I. INTRODUCTION

After reviewing the record, the SBA determined that Olen was ineligible to receive a PPP loan, and therefore ineligible for loan forgiveness, because it was an ineligible passive entity. Olen challenged the determination before an administrative law judge, who reviewed the record evidence and correctly affirmed the SBA's denial. Under the APA, the ALJ's decision must be upheld so long as the "evidence before the agency provided a rational and ample basis for its decision." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). That is the case here. Olen cannot prevail in an APA action simply by offering alternative explanations of the evidence. Therefore, under the deferential standard of review of the APA, the Court should uphold the ALJ's decision and enter judgment in favor of the SBA.

## II. ARGUMENT

### A. The SBA's Classification of Olen as a Passive Real Estate Business Is Supported by Substantial Evidence

Olen's Reply (Dkt. 48) argues that Olen's eligibility for a PPP loan is "supported by the historical context of the CARES ACT, EAA, and overall statutory framework." Dkt. 48 at 1. But this is an APA record review case about a *specific* decision (denial of loan forgiveness) and whether it is supported by substantial evidence about that decision. To prevail, Olen must show that the record evidence is overwhelmingly in its favor such that it that it "would *compel* a reasonable finder of fact to reach a contrary result." *Herrera v. U.S. Citizenship & Immig. Servs.*, 571 F.3d 881, 885 (9th Cir. 2009). Olen has failed to do so.

Olen's Motion contained little discussion of the record evidence about the denial in this case, pointing to a single page in the record to support its position. Dkt. 46-1 at 15:9-11.[2] The Reply does not fare better, leaving to the very end of the Reply any discussion of the record evidence. *See* Dkt. 48 at 9:16-10:2. The Reply points to a few

---

[2] Olen's Motion inadvertently cited to page 357. In Reply, Olen has corrected the record cite to CAR00362,

pages of evidence claiming it shows that Olen had "active operations" with a "hands-on workforce." But the fact that Olen employs personnel for management, leasing, marketing, etc. is not surprising. Such personnel does not disprove that Olen was a passive real estate business under Section § 120.110(c). Indeed, Olen itself stated to the ALJ that its "primary business is leasing and management of multi-family apartment communities and commercial buildings." CAR02391 (Olen's brief to ALJ); CAR02388 (ALJ decision). Even assuming that Olen had employees involved in "active operations," that alone is far from sufficient to "*compel* a reasonable finder of fact to reach a contrary result" in an APA record review case. *Herrera*, 571 F.3d at 885.

What the record does have is ongoing notes from the SBA team as it reviewed documentation regarding Olen. *See* CAR00024-27. Olen ignores this evidence, which, among other things, shows how the SBA team concluded that Olen "is a vertically integrated real estate development group of entities focused" on activities the reviewer found to be "speculative" and "passive." CAR00026.[3]

The ALJ correctly reviewed the record, including tax returns, weighed the alternative evidence highlighted by Olen, and came to a reasoned conclusion. Olen complains that the ALJ analyzed the tax codes in the tax returns, even though they are part of the record. And those codes show that Olen itself is describing itself as a "lessor" of "real property," i.e. Olen is once again characterizing itself as a passive entity. *See* CAR02388 (ALJ decision); CAR02983-85 (tax returns). Under the APA's deferential standard of review, the ALJ's decision should be upheld so long as the "evidence before the agency provided a rational and ample basis for its decision." *Nw. Motorcycle Ass'n*, 18 F.3d at 1471; *see also Anjac Fashion Buildings, LLC v. United States Small Bus. Admin.*, No. 2:23-CV-04495-JLS, 2024 WL 5317303, at *5 (C.D. Cal. July 15, 2024)

---

[3] Olen argues that references to its billionaire founder are irrelevant. but Olen's loan application itself represents that Olen is 100% owned by the Igor M. Olenicoff 2012 Trust. CAR 1899. Through this action, Olen is seeking forgiveness of a $5.3 million loan ultimately at the expense of the American taxpayer. The PPP, however, is not meant to be a "grant program." *Bruckner Truck Sales, Inc. v. Guzman*, 2023 WL 8606761, at *6 (N.D. Tex. Dec. 12, 2023), aff'd, 148 F.4th 341 (5th Cir. 2025).

(plaintiff "takes issue with the evidence the SBA relied on when making its decision, but [] does not explain why it views such reliance to be arbitrary and capricious."). The evidence here does not compel a finding that the SBA's denial, or the ALJ's affirmance, were arbitrary, capricious, or not supported by substantial evidence.[4]

**B. Applying the Passive Business Rule to Olen's Forgiveness Application Was Not Arbitrary, Capricious, or Contrary to Law**

The bulk of Olen's Reply rehashes its argument that the phrase "any business concern" under 15 U.S.C. § 636(a)(36)(D)(i) should be interpreted broadly, without considering the statutory scheme as a whole. Olen's position is supported by two cases *DV Diamond Club of Flint, LLC v. Small Business Administration*, 960 F.3d 743 (6th Cir. 2020) and *National Association of Home Builders v. United States Small Business Administration*, 2021 WL 4458660 (E.D. Mich. Sept. 28, 2021) (vacated and remanded). As Defendants' explained in their opening brief, those two cases represent the minority view, which has been rejected by federal courts that have later considered the issue. The District Court for the Northern District of Illinois explained why:

> The Court is not persuaded by these decisions for at least two reasons. First, although the Sixth Circuit in *DV Diamond Club* addressed the same textual argument presented by Forest View here, the court was responding (on an abbreviated timeframe) to the SBA's motion to stay a district court's grant of a motion for a preliminary injunction. As a result, the Sixth Circuit's decision was not a final decision on the merits; it only determined, on an initial basis, that the merits arguments were likely to succeed. Second, neither *DV Diamond Club* nor *National Association of Home Builders* addressed how their interpretations of the pertinent PPP provisions made sense in the overall statutory scheme. Unlike those two decisions, but like several others, this

---

[4] Olen's Motion argued at length that the ALJ's analysis and reliance on the SBA's 2019 Standard Operation Procedures ("SOP") was in error. Dkt. 46-1 at 13-15. The Reply largely abandons that argument, making only passing reference to it. *See* Reply at 9, 10.

> Court finds significant that the PPP "was added into the existing § 7(a) program" and thus its provisions should be interpreted in light of Congress' broad grant of authority to the SBA reflected in the existing statutory scheme.

*Forest View Rehab. & Nursing Ctr., LLC v. United States Small Bus. Admin.*, 2024 WL 5247837, at *8 (N.D. Ill. Dec. 30, 2024) (internal citations omitted).[5]

In addition to the many other supporting cases in Defendants' opening brief (Dkt. 47 at 15-17), the U.S. District Court for the Eastern District of Virginia reached a similar conclusion. It explained:

> [T]he holding in ***DV Diamond*** **appears to be an outlier**. Both opinions were written just weeks after enactment of the First IFR adopting the PPP Ineligibility Rule. Their reliance on the "any business concern" clause as contradicting SBA eligibility is unpersuasive when considered in the context of the statutory scheme as a whole. I agree with those courts observing that the phrase "is properly understood not as setting forth the exclusive criteria for participation in the PPP, but merely as expanding the size limitations that would otherwise have been in place." *Diocese of Rochester v. United States SBA*, 466 F. Supp. 3d 363, 375 (W.D.N.Y. 2020).

*Tidewater Fin. Co. v. United States Small Bus. Admin.*, 2024 WL 4329140, at *8 (E.D. Va. Aug. 9, 2024), report and recommendation adopted, 2025 WL 763940 (E.D. Va.

---

[5] Defendants discussed *Forest View* in their opening brief. *See* Dkt. 47 at 17. Olen's Reply does not address *Forest View* and also incorrectly asserts that Defendants "omitt[ed] any substantive discussion of" *National Association of Home Builders*. *See* Dkt. 48 at 3.

Mar. 11, 2025) (emphasis added).[6]

For the first time in its Reply, Plaintiff argues that it was unfair for the SBA to forgive loans to the entities in *National Association of Home Builders v. United States Small Business Administration*, 2021 WL 4458660 (E.D. Mich. Sept. 28, 2021), but not to Olen. *See* Reply at 2, 3. This argument is defective for at least two reasons. First, this is an APA record review case, and there is no evidence in the certified administrative record regarding the entities in National Association or their loan forgiveness applications. Second, even assuming that the entities in National Association were comparable real estate management companies, that does not establish that there is no rational connection between the evidence in *this* record and the SBA's decision to deny *Olen's* loan forgiveness application. Olen also argues that the Court should consider the fact that the SBA settled another loan forgiveness case. *See* Dkt. 48 at 4, n.2. But that argument is non-sensical; it's like arguing that the United States should lose a personal injury lawsuit because it has settled other personal injury lawsuits.

Finally, contrary to Olen's contention, there is no ambiguity in the CARES Act that necessitates reliance on the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). *See Tidewater Fin.*, 2024 WL 4329140, at *6 (agreeing "that the Act's unambiguous language does not prohibit the SBA from imposing Section 7(a)'s eligibility restrictions to the PPP loan program.").

---

[6] Olen's Motion and Reply both rely on *Camelot Banquet Rooms, Inc. v. U.S. Small Business Administration*, 458 F. Supp. 3d 1044, 1056 (E.D. Wis. 2020), a case that was ultimately about the First Amendment rights of stripclubs seeking PPP loans. Olen asserts *Camelot* held that the "SBA was not permitted to unilaterally exclude categories of businesses from the PPP." Dkt. 48 at 5. But Olen also fails to provide the subsequent litigation history, which demonstrates that *Camelot* does not support Olen's position here. After the government appealed the preliminary injunction, the parties dismissed the appeal as moot after plaintiffs received PPP loans. *See* 2020 WL 6481792, at *1 (7th Cir. Aug. 5, 2020); 555 F. Supp. 3d 598, 601 (E.D. Wis. 2021). The district court then entered a new preliminary injunction involving additional plaintiffs, which was then appealed. On appeal, the Seventh Circuit vacated and remanded, finding the "SBA has shown a strong likelihood of success on the merits." *Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 24 F.4th 640, 644 (7th Cir. 2022).

## III. CONCLUSION

The ALJ articulated a rational connection between the evidence in the Certified Administrative Record and its conclusion that the SBA correctly denied Olen's application for loan forgiveness. Under the deferential standard of review in an APA action, the Court should uphold the ALJ's decision and grant judgment for Defendants.

Dated: December 19, 2025

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul (Bart) Green**
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants

*Counsel of record for the Defendants certifies that this brief contains 1,839 words, which complies with the word limit of L.R. 11-6.1, and 6 pages, which complies with the Court's Standing Order.